# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| ALBERTA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08-3120 |
| | ) |
| SUPERVALU, d/b/a SHOP 'N SAVE, | ) |
| a Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiff's Response in Opposition to Notice of Removal or in the Alternative, Motion to Remand (d/e 6). For the reasons stated below, the Motion is denied.

## FACTS

This case is a simple slip-and-fall action. According to the Complaint, Plaintiff Alberta Jones was shopping at a Shop 'n Save store in Springfield, Illinois on April 23, 2006, when she slipped in a substance on the floor and fell backward. See Notice of Removal (d/e 1), at 4 (Complaint). The Complaint alleges that Defendant Supervalu d/b/a Shop 'n Save owned the

1

store at which she fell. It also alleges that the Defendant is a Delaware corporation "located in the State of Delaware" and that Plaintiff Jones is a resident of Springfield, Illinois. Id. at 4-5. Jones contends that Defendant's negligence caused her fall and resulting "severe, permanent, and painful injuries . . . for which she will be obligated to expend great sums of money for medical treatment." Id. at 6. She demands "an amount in excess of Fifty Thousand Dollars ($50,000.00) together with the costs of this action." Id.

On May 28, 2008, Supervalu, Inc. removed this action, noting that Jones "misnamed" Supervalu d/b/a Shop 'n Save as Defendant. Id. at 1. It argues that removal is proper because this Court has diversity jurisdiction. Specifically, it contends that it is a citizen of Delaware and Minnesota, and Jones is a citizen of Illinois. To meet the jurisdictional amount, it states that Jones has incurred in excess of $30,000.00 in medical bills and demanded $150,000.00 to settle the claim. It provided the Court a copy of a letter dated June 21, 2007, from John V. Boshardy, Jones' former attorney, to Linda Clark, apparently an agent of Defendant's insurer. The letter includes a list of medical expenses Jones allegedly incurred totaling $31,655.94. Boshardy concluded the letter by stating: "I would be willing

2

to recommend to my client that she accept a settlement of $150,000.00 to settle her claim against your insured." Motion in Opposition to Plaintiff's Request for Remand, Exhibit 1 (d/e 10) (filed separately from the Motion).

Jones disputes that the amount in controversy exceeds $75,000.00. She states that her medical bills have amounted to only $26,595.20 and that whatever her former attorney may have offered in settlement negotiations, her current attorney has offered only $25,000.00 to settle the case.[1] She also provided the Court an Affidavit, dated June 5, 2008, in which she averred not to accept more than $74,999.00 for her claim.

## ANALYSIS

Removal is proper in any action that could have been filed in federal court originally. 28 U.S.C. § 1441. Defendant bears the burden of establishing jurisdiction here, and it asserts that this Court has diversity jurisdiction. See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005). Under 28 U.S.C. § 1332, district courts have jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of

---

[1] Jones' current attorney stated that he was not familiar with the Boshardy letter, but he has not challenged its authenticity.

different States." Jones does not dispute Defendant's allegations regarding citizenship, and if true, the parties are diverse. The issue is whether the amount in controversy actually exceeds $75,000.00.

Jones' Complaint asserts an amount in controversy "in excess of Fifty Thousand Dollars ($50,000.00)." Notice of Removal, at 6. Essentially, it provides only for a range of damages starting at $50,000.00. When the complaint at issue lacks a prayer for relief sufficient to establish the amount in controversy, a removing defendant must establish the size of the claim "in some other way." Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006). It need not show that the plaintiff will prevail or collect more than $75,000.00 if she does prevail, but it must demonstrate that she hopes to get more than $75,000.00. Id. at 816.

The Seventh Circuit has suggested several possible methods of doing so, including reference to the plaintiff's informal estimates or settlement demands. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006). At the start of litigation in Rising-Moore, another slip-and-fall case, the plaintiff's lawyer told the defendant's counsel that his claim was worth between $180,000.00 and $200,000.00 and demanded $160,000.00 to settle the case. Rising-Moore, 435 F.3d at 815. The plaintiff sustained

4

only $10,000.00 in direct medical costs and later dropped his settlement offer to $60,000.00, however. Id. at 816. The Seventh Circuit held that his initial estimate of between $180,000.00 and $200,000.00 established the amount in controversy and concluded that diversity jurisdiction existed. Id. The court explained:

> The $180,000.00 to $200,000.00 estimate is close in spirit to the *ad damnum* in a complaint; it makes sense to give it the same legal status. That the complaint is "early" in the case, and precedes discovery, does not diminish the jurisdictional effect of the demands it contains; no more does the timing of counsel's estimate rob it of consequence.

Id. It further noted that even the $60,000.00 offer could establish the jurisdictional amount because when settling a case, parties relinquish a portion of their possible recovery at trial in exchange for a certain payoff. Id. at 816-17. Thus, a plaintiff who offers to settle for $60,000.00 likely believes a friendly jury could award him far more than that but prefers to avoid the risk of collecting nothing from an unfriendly jury. Id.; see also Palmer v. American Coal Co., 2008 WL 3200846, at *3 (S.D. Ill. Aug. 7, 2008) ("Palmer's willingness to accept $50,000 to settle this action without risk is evidence that he actually places a much higher value on his case.").

Jones' June 21, 2007, settlement offer of $150,000.00 suffices to

5

establish the jurisdictional amount. It constitutes an admission, through counsel, that she initially hoped to collect $150,000.00 in this case. The fact that this was an early estimate, which she subsequently lowered, does not diminish its jurisdictional effect. Neither does Jones' Affidavit disclaiming an intention to collect more than $74,999.00. Post-removal events, even irrevocable promises not to accept more than the jurisdictional minimum, do not authorize remand of a suit that was within federal jurisdiction when removed. <u>Rising-Moore</u>, 435 F.3d at 816. Because Jones did not sign this Affidavit until after removal, it cannot affect the Court's decision on jurisdiction. Diversity jurisdiction is proper here, and the Court will not remand.

THEREFORE, Plaintiff's Response in Opposition to Notice of Removal or in the Alternative, Motion to Remand (d/e 6) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:  October 14, 2008

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
    UNITED STATES DISTRICT JUDGE