IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ALBERTA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-3120 |
| | ) | |
| SUPERVALU, d/b/a SHOP 'N SAVE, | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant's Motion to Dismiss (d/e 4). Plaintiff filed a Response to the Motion to Dismiss and Motion for Leave to Amend (d/e 8). For the reasons stated below, the Motion to Dismiss is allowed, but Plaintiff is granted leave to amend her Complaint (d/e 1).

According to the Complaint, Plaintiff Alberta Jones was shopping at a Shop 'n Save store in Springfield, Illinois, when she slipped in a substance on the floor and fell backward. See Notice of Removal (d/e 1), at 4 (Complaint). Plaintiff sued Supervalu d/b/a Shop 'n Save, which she alleges

1

owned the store at which she fell. On May 28, 2008, Supervalu, Inc. removed this action, noting that Jones "misnamed" Supervalu d/b/a Shop 'n Save as Defendant. Id. at 1. In an Opinion (d/e 11) issued October 14, 2008, the Court found that removal was proper.

Supervalu, Inc. now asks the Court to dismiss this action, asserting that the Shop 'n Save store at which Plaintiff fell actually was operated by neither Supervalu, Inc. nor Supervalu d/b/a Shop 'n Save. Instead, an entity called Shop 'N Save Warehouse Foods, Inc., a subsidiary of Supervalu, Inc., operated the store. Supervalu, Inc. argues that Plaintiff's Complaint makes no attempt to pierce the corporate veil, so finding liability against Supervalu, Inc. would be improper.

Plaintiff concedes that her Complaint raises no allegations sufficient to pierce the corporate veil, but she asserts that she intended to sue the owner of the Shop 'n Save store at which she fell and that her naming of Supervalu d/b/a Shop 'n Save was only a misnomer. In support, she submits a certification from the Sangamon County Clerk's Office stating that the name "Shop N' Save" is not on file. Response to Motion to Dismiss, Exhibit C, Sangamon County Clerk's Certification. Plaintiff seeks to amend her Complaint to name Shop 'N Save Warehouse Foods, Inc. as the proper

Defendant. She argues that such an amendment would not cause prejudice because Supervalu, Inc. and Shop 'N Save Warehouse Foods, Inc. have the same registered agent in Illinois, and she served this agent. Thus, she believes Shop 'N Save Warehouse Foods, Inc. had notice of this action.

Federal Rule of Civil Procedure 12(b)(6) allows dismissal where a complaint fails to state a claim upon which relief can be granted. While a complaint does not need detailed factual allegations to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Plaintiff essentially concedes that her Complaint fails to state a claim on which relief can be granted against Supervalu, Inc. or Supervalu d/b/a Shop 'n Save. Thus, the Court dismisses her Complaint.

This dismissal is with leave to amend, however. Plaintiff appears to have named Supervalu d/b/a Shop 'n Save in ignorance of the true owner of the Shop 'n Save at which she fell, and it appears that the true owner may have had notice of the suit. Thus, Plaintiff has leave to file an amended complaint naming Shop 'N Save Warehouse Foods, Inc. as Defendant.

THEREFORE, Defendant's Motion to Dismiss (d/e 4) is ALLOWED, but Plaintiff's Motion for Leave to Amend (d/e 8) is also ALLOWED to the

3

extent that she is granted leave to file an amended complaint within fourteen days.

IT IS THEREFORE SO ORDERED.

ENTER: November 13, 2008

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                                            UNITED STATES DISTRICT JUDGE